UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 688, | ) ) ) | |
| Plaintiff/Counter Defendant, | ) ) | |
| vs. | ) ) | Case No. 4:12CV472 CDP |
| MERIDIAN MEDICAL TECHNOLOGIES, | ) ) ) ) | |
| Defendant/Counter Claimant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Teamsters Local Union No. 688 filed this action to enforce an arbitration award entered in its favor, sustaining a grievance of one of its members, Dennis Jennings. Defendant Meridian Medical Technologies has counterclaimed to vacate the award. The parties have both filed motions for summary judgment on their claims. Because the arbitration award fails to draw its essence from the parties' collective bargaining agreement, I will enter judgment in defendant Meridian's favor, vacating the award.

### Background

Plaintiff Teamsters Local Union No. 688 and defendant Meridian Medical Technologies are parties to a collective bargaining agreement (CBA), effective March 1, 2008 through February 28, 2013. The Union is the collective bargaining representative for certain employees of Meridian, including Dennis Jennings.

Jennings was terminated from his position at Meridian and filed a grievance, and the matter was submitted to arbitration. The arbitrator sustained Jennings's grievance, and the Union now seeks to enforce that arbitration. Meridian filed a counterclaim to vacate the arbitration award on the ground that it does not draw its essence from the parties' CBA.

The CBA at issue in this case includes a provision for discharge or suspension, labeled Article 9, which states:

> The Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one warning notice of the complaint against such employee to the employee, in writing and a copy of the same to the Local Union and the Shop Steward affected, except that no warning notice need be given to an employee before they are discharged if the cause of such discharge is dishonesty, drunkenness, fighting on the job, three consecutive days of unreported absence (unless there are unusual circumstances), possession and/or use of illegal drugs, any other serious misconduct, and refusal to obey a direct work order. The warning notice as herein provided shall not remain in effect for a period of more than twelve (12) months from the date of said warning notice received. . . .

Furthermore, Meridian adopted a personnel policy regarding enforcement of this CBA provision, labeled Personnel Administrative Note # 59 – Progressive Discipline (revised), dated July 6, 2006. It provides as follows:

> CONTRACT – ARTICLE 9, Discharge or Suspension
>
> Step 1 – "Record of Counseling" (Common User/HR Forms – revised to reflect only two violations (Compliance or Conduct)): Alerts the employee to incident(s) that need correction and gives them a course of action to correct the incident(s). It requires signatures by all

parties present. A signed copy must be forwarded to HR for filing. NEW – BEFORE ADMINISTERING PLEASE CONTACT THE DIRECTOR/SUPERVISOR, HR FOR REVIEW. A SIGNED COPY OF THE FORM IS TO BE FORWARDED TO HR.

Step 2 – "Employee Warning Record" (Common User/HR Forms – revised to reflect only two violations (Compliance or Conduct)): This documents an employee's transgression for the 2nd time (he/she has previously been given a Record of Counseling for the same type of offense), or the offense is significant enough to skip the Record of Counseling step. NEW – BEFORE ADMINISTERING PLEASE CONTACT THE DIRECTOR/SUPERVISOR, HR FOR REVIEW. A SIGNED COPY OF THE FORM IS TO BE FORWARDED TO HR.

Step 3 – Probation (Using an "Employee Warning Record"): Employee is put on 60 or 90 days probation by his management – HR must be consulted before this step is administered. The Probation notification includes all transgressions that have led to this step AND identifies corrective action(s) required by the employee for each transgression. This also outlines regular review times when management will meet with the employee (every 2 weeks, monthly, etc.) to discuss progress or continued problems. A signed copy must be forwarded to HR for filing.

Step 4 – Termination during Probation: If first line management determines that the employee is not complying with the provisions of his/her probation then Termination action will be taken by submitting full justification for the action to HR for approval and compliance review.

Step 4 – Termination without Step 1-3 (NO WARNING NOTICE IS REQUIRED before this disciplinary step is taken): Just Cause for this action is DISHONESTY, DRUNKENNESS, FIGHTING ON THE JOB, THREE CONSECUTIVE DAYS OF UNREPORTED ABSENCE (UNLESS UNUSUAL CIRCUMSTANCES), POSSESSION AND/OR USE OF ILLEGAL DRUGS, ANY OTHER SERIOUS MISCONDUCT, AND REFUSAL TO OBEY A DIRECT WORK ORDER. Justification for this step must be submitted to HR for approval and compliance review. HR will assist the department

Manager during the termination discussion(s) with the employee and his/her Shop Steward.

Jennings was employed by Meridian for 15 years as an operator of a DCC Plunger Insertion Machine, which is used to mechanically insert epinephrine into EpiPens. In that position, Jennings' responsibilities included testing batch samples from the machine to determine whether the plungers were inserted at acceptable depths.

On December 2, 2009, Jennings received a written Record of Counseling for failing to properly document tests required by company policy. On November 22, 2010, he received a written warning for failing to follow company procedure when his machine's test results fell outside of acceptable limits. He was given a warning notice on April 7, 2011, placing him on probation for 90 days, for his failure to follow company procedure concerning plating.

Another incident occurred on May 20, 2011, during which Jennings performed tests on the plunger depths, which fell outside of acceptable limits. He contacted his supervisor for instructions and was told to call a mechanic for repairs and to perform a re-test and thoroughly document its results. Jennings received another warning notice on June 14, 2011, explaining this incident and stating that he did not properly document those results. This incident resulted in Jennings' termination from employment on that date.

Jennings filed a grievance through the Union on June 15, 2011. The Union attempted to resolve the grievance with Meridian, but the matter was submitted to arbitration. On December 8, 2011, the parties participated in a hearing before Arbitrator Michael Hill. The issues presented to the arbitrator were whether Jennings was discharged with just cause, and whether Meridian violated Article 9 of the CBA. Arbitrator Hill issued his award on January 25, 2012, sustaining Jennings' grievance. Specifically, Arbitrator Hill explained:

> In considering [Article 9 of the CBA and Personnel Administrative Note #59], the Arbitrator finds that the 4 steps must occur during a 12 month period as required in the collective bargaining agreement. The Record of Counseling is considered to be within the definition of a written warning notice, much like an oral notice reduced to writing. Therefore, the Record of Counseling of 12-2-09 should not have been considered after 12-2-10 and the Company is regarded by the Arbitrator as following only three steps in the progressive discipline policy.[1]

He also ruled that Jennings should be reinstated to his position with Meridian within fifteen days and paid back wages, but that Meridian could keep the incidents that occurred on April 4, 2011 and May 20, 2011 in Jennings'

---

[1] The Arbitrator provided an alternative rationale for his decision, as follows: "The Arbitrator also considers the administration of discipline based upon a failure of documentation for unnecessary retesting as questionable. Even considering the discipline for unnecessary retesting documentation as appropriate, such discipline would have only been the third step of discipline which would have resulted in probation for the Grievant, not termination." However, because his holding regarding the 12-month requirement for the steps in the progressive discipline policy appears to have been determinative in his award, my analysis is limited to that decision.

- 5 -

disciplinary record. Meridian has not complied with the award, as it has not yet reinstated Jennings to his previous position.

The Union filed this case on March 14, 2012, seeking to enforce the arbitration award. Meridian filed a counterclaim on April 6, 2012 to vacate the arbitration award under the Labor Management Relations Act. The parties have both moved for summary judgment on their claims.

## **Discussion**

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Both parties have moved for summary judgment, and although they disagree on the interpretation of certain facts, there are no material facts in dispute.

In reviewing an arbitrator's decision under any theory, a court's review "is restricted by the great deference accorded arbitration awards." *Williams v. Nat'l Football League*, 582 F.3d 863, 883 (8th Cir. 2009). Indeed, even if a court is convinced that the arbitrator committed serious error, the court must still confirm the award as long as the arbitrator "is even arguably construing or applying the contract." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987); *see also United Food & Commercial Workers' Union Local 655 v. St. John's Mercy Health Sys.*, 448 F.3d 1030, 1032 (8th Cir. 2006). Within the specific context of the LMRA, a court cannot review the merits of the underlying dispute and is required to enforce the arbitrator's decision unless it fails to "draw[] its essence from the underlying collective bargaining agreement." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960); *see also Turner v. United Steelworkers of Am., Local 812*, 581 F.3d 672, 675 (8th Cir. 2009).

"An arbitrator's award draws its essence from the parties' agreement as long as it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Williams*, 582 F.3d at 883. If an agreement's language is plain or "umistakably clear," an arbitrator must enforce it as written, but if "the plain language of the parties' agreement is silent or ambiguous with respect to a disputed issue, an arbitrator is obliged to consider

other relevant sources of the parties' intent." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers*, 309 F.3d 1075, 1082 (8th Cir. 2002).

Meridian seeks to vacate the award under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Essentially, Meridian argues that the arbitrator's decision should be vacated because it fails to draw its essence from the parties' CBA. More specifically, Meridian argues that the arbitrator ignored the CBA's plain language and impermissibly modified it, by holding that the four disciplinary steps must be performed within a 12-month period and by construing a "record of counseling" as within the definition of a "written warning" under the agreement. In response to Meridian's motion, the Union argues that the language in the CBA regarding discipline and Meridian's progressive discipline policy were ambiguous when read together, such that Arbitrator Hill properly exercised his authority to interpret and construe these provisions.[2] For the following reasons, I conclude that Arbitrator Hill's decision fails to draw its essence from the unambiguous language in the parties' CBA.

Article 9 of the parties' CBA sets out the policy for discharge of an employee. That provision unambiguously requires that the employer "give at least one warning notice of the complaint against such employee to the employee, in

---

[2]Conversely, in the Union's own motion for summary judgment, it argues that the language in these documents is clear and unambiguous.

writing." It also unambiguously provides that "[t]he warning notice as herein provided shall not remain in effect for a period of more than twelve (12) months from the date of said warning notice received." Unlike Article 9, however, Personnel Administrative Note #59 does not set forth any time requirements for completion of the four disciplinary steps contained therein. Rather, it merely sets forth the company's four-step policy regarding progressive discipline, from a Record of Counseling through eventual termination of an employee.

In this case, it is undisputed that Meridian issued all four steps of discipline to Jennings before his termination. It is also undisputed that Jennings received not only one, but two, written warning notices – one employee warning record on November 22, 2010, and one warning coupled with probation on April 7, 2011 – within the twelve-month period before his termination on June 14, 2011. The language in the CBA and Personnel Administrative Note #59 is unambiguous, and says nothing about requiring all four steps to be taken in a single twelve-month period. At most, when these documents are read together, they unambiguously require that Meridian follow its four steps of discipline before discharging an employee, and that the employee receive at least one of those written warning notices within twelve months of his or her termination. These requirements were satisfied by Meridian in this case.

Arbitrator Hill's conclusion that the four disciplinary steps must occur within twelve months was impermissible because he "was not construing an ambiguous contract term, but rather was imposing a new obligation upon [Meridian] . . . ." *Keebler Co. v. Milk Drivers & Dairy Emps. Union, Local No. 471*, 80 F.3d 284, 288 (8th Cir. 1996). The parties' agreement simply does not allow for this interpretation. I conclude that the arbitrator's determination that the four steps in Personnel Administrative Note #59 must be performed within twelve months does not draw its essence from the parties' CBA.[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#12] is GRANTED. The arbitrator's award of January 25, 2012 is vacated.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [#15] is DENIED.

---

[3] Meridian further argues that the arbitrator's decision that a record of counseling is considered to be within the definition of a written warning also failed to draw its essence from the parties' agreement. This argument is not determinative because even if the record of counseling should not have been considered as a written warning to Jennings – and therefore should have lost its effect after twelve months – he still received two other written warnings within the twelve months prior to his termination. Thus, the arbitrator's consideration of a record of counseling as a written warning is not relevant to this opinion.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a surreply [#24] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of January, 2013.